**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1667-24

WILMINGTON SAVINGS FUND
SOCIETY, FSB, not individually,
but solely as Trustee for Residential
Mortgage Aggregation Trust,

     Plaintiff-Respondent,

v.

WALTER SCHOENEFELD, his/her
heirs, devisees, and personal
representatives, and his/her/their,
or any of their successors in right,
title and interest,

     Defendant-Appellant.

_____

Argued April 30, 2026 – Decided July 10, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-009457-23.

Michael H. Nieschmidt argued the cause for appellant.

Emmanuel J. Argentieri argued the cause for respondent (Romano Garubo & Argentieri, Counselors at Law, LLC, attorneys; Emmanuel J. Argentieri, on the brief).

PER CURIAM

Defendant Walter Schoenefeld appeals from the January 21, 2025 order denying his motion to stay the January 22, 2025 sheriff's sale, and ordering the sheriff's sale on January 22, 2025. We affirm.

In July 2007, defendant executed an adjustable rate note in the principal amount of $585,000 in favor of Chase Bank USA, NA for property located in Princeton, which was recorded. The mortgage and note were successively assigned: in 2009 to Chase Home Finance LLC; then to JPMorgan Chase Bank, N.A.; in 2014 to PennyMac Holdings, LLC; in 2018 to Citibank, N.A., as trustee for CMLTI Asset Trust; in 2019 to NYMT Loan Trust I; and in 2023, to plaintiff Wilmington Savings Fund Society, FSB, as trustee for Residential Mortgage Aggregation Trust (Wilmington). Each assignment was duly recorded in the county clerk's office.

Defendant first executed a loan modification with PennyMac, setting a new principal amount of $759,000. In 2019, he entered into a loan modification with Fay Servicing LLC (Fay Servicing) as attorney in fact for Wilmington, d/b/a Christiana Trust, solely as trustee for NYMT Loan Trust I, reflecting an

A-1667-24

unpaid balance of $950,182.68. As of May 2022, defendant defaulted on the note and mortgage.

Plaintiff filed a foreclosure complaint, resulting in a judgment of foreclosure for $1,011,174.32, plus $8,324 in taxed costs. The sheriff's sale was originally scheduled to occur in December 2024, but was stayed until January 9, 2025.

After defendant moved to stay the sheriff's sale, the court held a status conference on January 5, 2025, to determine whether the stay should remain in effect. During that conference, defendant appeared self-represented via Zoom, while counsel appeared for plaintiff. Defendant claimed to have made $57,000 or $59,000 in payments to Fay Servicing and stated he had sufficient funds to bring the loan current and cure the default. He further asserted he had paid $67,000 since mid-2022. The court directed defendant to provide proof of these payments to plaintiff's counsel. Another status conference was scheduled for January 21 via Zoom, and the stay of the sheriff's sale was extended to January 22.

On January 21, despite receiving a Zoom link, defendant did not attend the status conference or provide an explanation for his absence. Defendant also did not submit any documentation to the court showing payments made to Fay

A-1667-24

Servicing or plaintiff. Plaintiff's counsel advised the court, as of December 2024, the reinstatement amount due exceeded $140,000 and defendant had paid only $42,000, which was insufficient to reinstate the loan. The court allowed the sheriff's sale to proceed the following afternoon, and the property was sold.

On January 22, defendant filed another motion to stay the sheriff's sale; however, it was not filed by the court until January 23. The court denied defendant's motion and the property was sold to a third party.

On appeal, defendant contends the court erred in failing to timely schedule the motion for disposition prior to the sheriff's sale, asserting he filed the motion on January 22, but the court did not mark it as filed until January 23. He argues he was denied the opportunity to address and dispose of factual issues despite timely filing the motion. We are unpersuaded.

We review an order denying a request to stay a sheriff's sale for abuse of discretion. See Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 451 (App. Div. 2013). "A court abuses its discretion when its decision is made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pine Ridge Realty Assocs., LLC v. A.O., 483 N.J. Super. 487, 492 (App. Div. 2026) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)) (internal quotation marks omitted).

A-1667-24

However, we review the trial court's legal conclusions de novo. Hopson v. Cirz, 482 N.J. Super. 232, 251 (App. Div. 2025).

An applicant seeking stay relief must demonstrate: denial of the stay would result in irreparable harm; a likelihood of prevailing on the merits based on settled law; and a balancing of equities favors stay relief. Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013); see also Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982). "[T]hese factors must be clearly and convincingly demonstrated." Waste Mgmt. of N.J., Inc., 433 N.J. Super. at 452 (citing Waste Mgmt. of N.J., Inc. v. Union Cnty. Utils. Auth.,399 N.J. Super. 508, 520 (App. Div. 2008)).

Defendant has not presented any competent evidence, nor has he demonstrated by clear and convincing evidence his likely success on the merits—that is, the payment of the required sum to bring the loan current and cure the default. Moreover, defendant was provided with the opportunity to submit proofs, and he did not do so. We are therefore satisfied the court did not misapply its discretion in denying a stay.

We decline to address defendant's arguments, raised for the first time on appeal, regarding the substantial disparity in the required sum to reinstate the loan, as well as his claims about the court's failure to contact him or plaintiff's prior counsel during the status conference. It is well established we do not

A-1667-24

"consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions . . . raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Defendant's arguments do not satisfy either exception.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Healey

Clerk of the Appellate Division

A-1667-24